**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-02671-PAB-CBS

RONALD R. NATION,
VICKY L. NATION,
RONALD A. NATION, and
FRANK D. JACOBSEN,

       Plaintiffs,

v.

FIRST TENNESSEE BANK NATIONAL ASSOCIATION,

       Defendant.

---

## STIPULATED PROTECTIVE ORDER

Plaintiffs Ronald R. Nation, Vicky L. Nation, Ronald A. Nation and Frank D. Jacobsen (hereinafter "Plaintiffs"), and Defendant First Tennessee Bank National Association (hereinafter "FTBNA") (collectively, the "Parties"), through their respective counsel, hereby submit the following Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and request that it be entered as an Order of the Court:

WHEREAS, the Parties possess information and material which is not in the public domain and is confidential, proprietary, and/or financial information not subject to disclosure;

WHEREAS, information and documents which may be sought in discovery and which may be exchanged between the Parties may include or incorporate such confidential, proprietary, and/or financial information;

WHEREAS, the purpose of this Stipulated Protective Order is to facilitate the exchange of such documentation with the consent of the parties while protecting the confidentiality of such information;

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances;

NOW, THEREFORE, it is hereby ORDERED that:

1.      Any document which contains confidential, proprietary, and/or financial information may be designated "Confidential" by stamping the term "Confidential" clearly and conspicuously on the face of each document containing such information.  For a multi-page document, each page containing confidential information shall be stamped separately.  For the purposes of this Protective Order, "document" shall mean every writing, graphic material, and record of every kind irrespective of the medium on which such material is contained, including, but not limited to, written or electronic correspondence, memoranda, audio tapes, video tapes, electronic or computerized data, stenographic or hand written notes, publications, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      All documents and information designated "Confidential" shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided herein.

3.      Documents marked or treated as "Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

        (a)     Parties, including an officer, director, manager, or in-house counsel of a
                Party;

(b)     counsel of record for the Parties, together with other attorneys at the firm(s) of counsel of record, or an employee of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(c)     other employees of a Party for the purpose of working directly on the litigation at the request or at the direction of counsel;

(d)     third party consultants and independent experts to whom it is necessary that the material be shown for purpose of assisting counsel in this litigation;

(e)     any witness or deponent in any deposition, hearing, or at trial in this litigation;

(f)     any court reporter or videographer employed or retained by a party for purposes of transcribing and/or recording a deposition or inspection of premises; and

(g)     the Court and its personnel.

Information designated as "Confidential" may not be given, shown, made available to, or communicated to any person other than those identified above without prior leave of Court or prior written consent of the Party producing such confidential information.

4.     Any Party or nonparty wishing to come within the provisions of this Protective Order shall designate the documents, materials, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" in accordance with Paragraph 1 hereof.

5.      For deposition testimony, the witness or counsel shall invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential," or by designating the deposition transcript or portions thereof as "Confidential."  No person shall be present during portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such confidential information under the terms of this Protective Order.

6.      If a Party desires to give, show, make available, or communicate the contents of any document marked "Confidential" to any person who is not specially authorized to have access to such documents pursuant to Paragraph 3, the requesting Party shall disclose to the other Parties the identity of the person to whom disclosure of the document is sought.  The Parties shall then have ten (10) days to negotiate the terms of disclosure to said person, and, if no agreement can be reached, the requesting Party may apply to the Court on notice within fourteen (14) days thereafter for court authorization to make such disclosure.  If the Court permits such disclosure, said person may have access to such "Confidential" information as is ordered by the Court, but only after first having read and agreeing, in writing, to be bound by the terms of this Protective Order.  During the pendency of the motion, or if the motion is denied, the Party seeking disclosure will remain bound by the Protective Order and agrees not to share "Confidential" information with said person to the extent it is prohibited by this Protective Order.

7.      Documents, materials, information, interrogatory answers, and depositions stamped "Confidential," when filed with pleadings or offered as evidence at any hearing or trial, shall be delivered sealed to the Clerk of the Court.

8.     A Party may challenge any other Party's designation of a document as "Confidential" by written objection to counsel for all Parties within thirty (30) days of receipt of the document marked "Confidential."  If the Parties are unable to reach a resolution as to whether the document is properly designated "Confidential," the Party opposing the designation shall file a motion with the Court.  The burden of proof shall rest with the Party asserting the confidentiality.

10.     The recipients of any item of information or document marked or designated as "Confidential" will not use such information other than as is necessary to prosecute and/or defend the claims asserted in this litigation, and will not disclose or discuss such information, in any manner or form, written or oral, to or with any person other than to persons entitled to access such information under Paragraph 3 above, unless and until the restrictions herein are modified to allow such disclosure either by agreement of the Parties or by Order of this Court.

11.     Nothing in this Protective Order limits or precludes a Party to the Protective Order from applying to the Court for relief from this Protective Order, or for such further or additional confidentiality orders as the Court may deem appropriate, upon notice to all Parties.

12.     Counsel for the Parties to this Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of designated "Confidential" documents, materials, and information.

13.     The provisions of this Protective Order shall apply to any "Confidential" documents, materials, and information so designated by any Party to this Protective Order before entry of this Protective Order.

14.     Nothing in this Protective Order shall prevent a Party from using "Confidential" documents, materials, and information at trial, during a hearing, or the like.  Provided however, at least five court days prior to offering "Confidential" information into evidence at trial or at any hearing in open court, the submitting Party shall give notice to all other Parties, which notice shall identify with particularity the information the submitting Party intends to offer into evidence.  Any affected Party, non-party, designating party, or owner of the "Confidential" information may then apply for an order that such evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure.  A Party may use "Confidential" information solely for the purposes of impeachment without providing such notice, so long as the party seeking to do so seeks to have the proceedings closed prior to the introduction of such information and otherwise abides by this Protective Order.

15.     If any non-party shall be called upon by subpoena or otherwise, to provide or produce documents or information considered "Confidential" by such non-party, such non-party may elect to be bound by the terms of this Protective Order by notifying counsel for all parties in writing.  Upon service of such notice, such non-party may designate documents and information as "Confidential" information in the manner set forth in this Protective Order, and such non-party's "Confidential" information shall be treated in the same manner as the "Confidential" information of a Party to this Protective Order.

16.     Upon termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non exact copies in any form, of designated "Confidential" documents, materials, and information shall, upon request, be returned to the Party who produced such documents, materials, and information, or may be disposed of in some other

manner that is mutually agreeable among the Parties.  Notwithstanding this provision, counsel of record for each Party may retain archive copies of pleadings, motion papers, and written discovery responses that include Confidential information.

17.     This Protective Order will remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.  The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation of maintaining the confidentiality of all documents, materials, and information designated as "Confidential" which are received pursuant to this Stipulated Protective Order.


DATED at Denver, Colorado, this 23rd  day of March, 2009.

BY THE COURT:



*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM:


s/ Kristin M. Bronson_____  s/ David M. "Merc" Pittinos_____
Kristin M. Bronson  Dana L. Eismeier
ROTHGERBER JOHNSON & LYONS  LLP  David M. "Merc" Pittinos
One Tabor Center, Suite 3000  BURNS, FIGA & WILL, P.C.
1200 Seventeenth Street  6400 S. Fiddler's Green Circle, Suite 1000
Denver, CO  80202  Greenwood Village, CO  80111
Tel: (303) 623-9000  Tel: 303.796.2626
Fax: (303) 623-9222  Fax: 303.795.2777
kbronson@rothgerber.com  deismeier@bfw-law.com
  mpittinos@bfw-law.com

*Counsel for Defendant First Tennessee Bank*
*National Association*  *Counsel for Plaintiffs Ronald R. Nation, Vicky*
  *L. Nation, Ronald A. Nation, and Frank D.*
  *Jacobsen*


R. Mark Glover
Kristine L. Roberts
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN  38103
Tel: (901) 526-2000
Fax: (901) 577-4202
mglover@bakerdonelson.com
klroberts@bakerdonelson.com

*Counsel for Defendant First Tennessee Bank*
*National Association*