IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02671-PAB-CBS

RONALD R. NATION,
VICKY L. NATION,
RONALD A. NATION,
FRANK D. JACOBSEN,

    Plaintiffs,

v.

FIRST TENNESSEE BANK NATIONAL ASSOCIATION,

    Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiffs' second motion for partial summary judgment [Docket No. 82]. The motion is fully briefed and ripe for disposition. Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332(a).

**I. BACKGROUND**[1]

This case arises out of a contract between plaintiffs and defendant First Tennessee Bank National Association ("First Tennessee"). Plaintiffs are former employees of First Horizon Merchant Services, Inc. ("First Horizon"), a business formerly owned by the defendant. On January 31, 2006, First Tennessee agreed to sell First Horizon to Nova Information Systems ("Nova"). On the same day, plaintiffs and First Tennessee entered into a contract, the Amended and Restated Special Payment

---

[1] The following facts are not in dispute.

Agreement ("SPA"), in which plaintiffs agreed to cooperate during First Horizon's sale and transition process. In exchange for such cooperation, plaintiffs were promised a percentage of the purchase price. The SPA also stipulated that

> [a]ll decisions regarding the negotiation of terms and conditions of the Sale Agreement and the other Operative Documents to be executed by First Tennessee or [First Horizon] in connection with the Transaction shall be made by the Senior Vice President, Corporate Development of First Tennessee, together with First Tennessee's third party advisors. In negotiating the Operative Documents, such persons *will give due consideration to the advice, counsel and instruction* of the group comprised of [Ronald R.] Nation, Sr., Charles G. Burkett, Larry B. Martin and Marty Mosby.

Docket No. 45-4 at 7, ¶ 7 (emphasis added).

On December 17, 2007, Nova and First Tennessee amended their earlier agreement. First Tennessee did not inform or consult the plaintiffs prior to the execution of the amendment. Plaintiffs claim that First Tennessee's failure to confer with Ronald R. Nation regarding the amendment was a breach of the "due consideration" provision of the SPA.

The Court granted summary judgment to defendant on plaintiffs' duty of good faith and promissory estoppel claims in an earlier order. *See* Docket No. 81. The Court also denied defendant summary judgment on plaintiffs' claim for breach of the "due consideration" provision of the SPA, but granted plaintiffs leave to file a motion seeking summary judgment on this issue.

**II. STANDARD OF REVIEW**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs.*, Inc., 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

### III.  DISCUSSION

This motion for summary judgment involves a straightforward claim for breach of contract, governed by Tennessee law. *See* Docket No. 82-2, p. 9, ¶ 13. The elements of a breach of contract claim "include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). When the terms of a contract are unambiguous, its construction is a matter of law and summary judgment is appropriate. *See Harrison Western Corp. v. Gulf Oil Co.*, 662 F.2d 690, 695 (10th Cir. 1981).

The language of the SPA required First Tennessee to give "due consideration to the advice, counsel and instruction" of Mr. Nation during the negotiation of documents related to the sale of First Horizon. *See* Docket No. 82-2 at 7, ¶ 7. Although defendant disputes whether it was required to inform Mr. Nation of the amendment, *see* Docket No. 84 at 3, ¶ 8, it does not deny that the amendment triggered the "due consideration" clause of the SPA. Defendant also admits that it failed to consult Mr. Nation before the execution of the amendment of the sales agreement. *See* Docket No. 84 at 3, ¶ 8. Accordingly, there is no dispute of material fact regarding whether defendant breached the unambiguous due consideration clause.[2] Defendant argues that it did not breach the due consideration clause because it had the ultimate decision-making power in negotiating contracts with Nova and was under no obligation to obey Mr. Nation's advice had it consulted him. However, although the provision did not require the defendant to obey Mr. Nation's advice, it did require the defendant to consider such advice.

Defendant argues that, even if it did breach the due consideration provision, plaintiffs are not entitled to any damages as a result. Defendant cites a Sixth Circuit case in which the court held that a similar "due consideration" clause was mere "empty

---

[2] Defendant notes that Mr. Nation is no longer employed by First Horizon and was not employed by First Horizon when the amendment was executed. This fact, however, does not nullify defendant's obligations under the SPA; the relevant provision of the contract was not conditioned on Mr. Nation's employment. *See* Docket No. 45-4 at 7, ¶ 7. Nor are defendant's concerns about confidentiality sufficient to absolve it of its contractual obligations. First Tennessee could have extended Mr. Nation's confidentiality agreement, executed a new confidentiality agreement in order to facilitate its ability to comply with the SPA, or simply consulted with him with limitations due to the lack of a confidentiality agreement.

contractual language," breach of which was not the proximate cause of any damages to plaintiff under Ohio law.  *See Taylor v. Union Institute,* 30 F. App'x 443, 454 (6th Cir. 2002).  However, the SPA is governed by Tennessee law.  *See* Docket No. 82-2 at 9, ¶ 13.  Under Tennessee law, a breach of contract may still entitle a plaintiff to nominal damages, regardless of whether the breach caused plaintiff any actual damages.  *See Applied Coatings, Inc. v. Pugh & Co., P.C.,* 1997 WL 189349, at *4 (Tenn. Ct. App. Apr. 16, 1997); *Gay & Taylor, Inc. v. American Cas. Co. of Reading*, 381 S.W.2d 304, 307 (Tenn. Ct. App. 1963).  Therefore, although plaintiffs have demonstrated no actual damages, they are still entitled to nominal damages under Tennessee law, as well as costs.  *See Killian v. Tabor Const., Inc.* 1998 WL 498124, at *3 (Tenn. Ct. App. Aug. 19, 1998) ("[w]here the plaintiff recovers only nominal damages for the violation of a contract, he is entitled to a judgment for costs").

Finally, defendant contends that its payment to the plaintiffs of the agreed-upon compensation for their cooperation during the sale of First Horizon constitutes substantial performance and relieves First Tennessee of any liability for the breach.  *See* Docket No. 84 at 4.  This argument also fails.  Substantial performance does not negate a party's liability for breach of contract; it merely allows the breaching party to enforce the contract against other parties to the agreement.  *See Batson v. Batson,* 769 S.W.2d 849, 854 (Tenn. Ct. App. 1988).  Thus, First Tennessee remains liable for its breach of the due consideration provision notwithstanding its substantial performance.  As such, plaintiffs are entitled to nominal damages plus costs.  Therefore, the Court will

enter summary judgment for plaintiffs on their claim that defendant breached the due consideration provision.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Second Motion for Partial Summary Judgment [Docket No. 82] is **GRANTED**.  It is further

**ORDERED** that judgment shall enter in favor of plaintiffs on their breach of contract claim based on the due consideration provision of the SPA.  Plaintiffs shall be awarded $1.00 in nominal damages.  It is further

**ORDERED** that judgment shall enter in favor of defendant on plaintiffs' claims for breach of the covenant of good faith and fair dealing and promissory estoppel, pursuant to the Court's earlier summary judgment order [Docket No. 81].

DATED June 30, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge